**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Parker Mitchell Jones,<br>Plaintiff(s),<br>vs.<br>Officer L. Hykes., et al.,<br>Defendant(s). | 2:26-cv-01554-JAD-MDC<br>**ORDER GRANTING MOTION TO AMEND COMPLAINT (ECF No. 17)** |

Plaintiff filed a *Motion for Leave to Amend the Complaint* ("Motion"). *ECF No. 17*. The Court **GRANTS** the Motion.

## I. BACKGROUND

This is a civil rights case. *ECF No. 1*. The Court's scheduling order set September 29, 2026, as the deadline to amend pleadings. *ECF No. 11*. Plaintiff timely filed the Motion before the amendment deadline. *ECF No. 17*. Plaintiff seeks to refine the allegations, add factual details, clarify the existing claims, and allege vicarious liability on the state-law claims. *Id.* at 2-4. Plaintiff attached the proposed amended complaint. *Id.* at 10. Defendants oppose the amendment on futility and undue-delay grounds. *ECF No. 18* at 4-10. Plaintiff replies that the proposed amendments are not futile, the Motion was timely, and defendants will not suffer unfair prejudice. *ECF No. 20* at 2-10.

## II. DISCUSSION

### A. Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc*., 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at *4-5 (D. Nev. Oct. 16, 2015); citing *In re Dynamic Random Access Memory (DRAM) Antitrust Litig*., 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

**B. Analysis**

There is no bad faith here. There is also no undue delay because plaintiff filed the Motion before the amendment deadline expired. The defendants will not be prejudiced by the amendment because the proposed defendants and allegations are closely related to the claims in the operative complaint. While the defendants oppose plaintiff's amendment on futility grounds, the Court finds that futility is better addressed in a motion to dismiss. Plaintiff has shown good cause to amend the complaint.

**IT IS ORDERED:**

1. Plaintiff's *Motion for Leave to Amend the Complaint* (ECF No. 17) is **GRANTED.**
2. Plaintiff **MUST** file the amended complaint on the docket within one week of this order.

DATED: October 28, 2026.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge